UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| SHEILA WILLIAMS and | ) | |
| CARL GREGORY WILLIAMS, | ) | |
| | ) | Civil Action No. 2: 11-38-DCR |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| TOYOTA MOTOR SALES, U.S.A., et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") has moved the Court to grant summary judgment in its favor, arguing that there are no material issues of fact to be resolved and that it is entitled to judgment as a matter of law. [Record No. 10] More specifically, TMS contends that Plaintiffs Sheila and Gregory Williams cannot prove an identifiable defect in the 2001 Toyota Sienna which caused the injuries that she claims to have suffered in September 2009. The plaintiffs argue that, although the vehicle in issue was in their exclusive custody since it was purchased, summary judgment is not appropriate under the doctrine of res ipsa loquitur. They further contend that expert testimony is not needed to overcome the defendant's motion because defectiveness of the vehicle's door handle is the *only* explanation for the accident.

After reviewing the pleadings and considering the arguments of counsel, the Court agrees that the plaintiffs have not offered sufficient evidence of an identifiable defect to allow this matter to proceed to trial. Accordingly, TMS's motion for summary judgment will be granted.

-1-

# I.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986); *Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *CenTra, Inc., v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once a moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In making this determination, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587. Ultimately, the standard for

determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Vill. of Oakwood v. State Bank & Trust Co.*, 879 F.2d 1304, 1310 (6th Cir. 2008) (quoting *Anderson*, 477 U.S. at 251-52).

Applying this now well-known standard, it is clear that Defendant TMS is entitled to summary judgment based on the plaintiffs' failure to offer one or more expert witnesses to testify regarding a design or manufacturing defect in the 2001 Toyota Sienna which allegedly caused Plaintiff Sheila Williams' injuries.

## II.

The Williams purchased a new 2001 Toyota Sienna in January 2001 from Kerry Toyota. [*See* Record No. 1; attached Notice of Removal Exhibit 1.]  Approximately nine months after the purchase, Kerry Toyota serviced the vehicle for a check engine light. [*See Id.*; Exhibit 3] Eight and one-half years after the purchase, Sheila Williams claims that she was attempting to open the vehicle's sliding door when the handle broke, causing her to fall to the ground.  She asserts that, as a result of the fall, she injured her back.

On August 31, 2010, the Williams filed suit in the Kenton Circuit Court, naming Toyota Motor Credit Corporation and Toyota Motors, Inc., doing business as Kerry Toyota, as defendants. [Record No. 1; attached Complaint]   The Complaint contains the following allegations which are relevant to the pending motion for summary judgment:

> 3.      On or about 09/05/09, while in Kenton County, Kentucky, Plaintiff, Sheila Williams was attempting to open the side door of the Toyota when the handle on said door broke causing her to fall to the ground.  As a result of the fall, Plaintiff, Sheila Williams sustained injuries to her person, including her back.

4.     The door handle was improperly constructed and/or defective thereby creating a dangerous condition.  As a consequence, Defendants were negligent in its design and construction of the door handle.  Defendants thereby sold a motor vehicle that had a defective part which created a dangerous condition to the public at large.  Defendants' actions were reckless, careless and negligent so as to cause the injuries sustained by Plaintiff, Sheila Williams.  The Defendants breached its [sic] duty of care in that it [sic] failed to properly construct and/or design the door handle.  Further, the Defendants allowed a motor vehicle to be sold that was defective in nature.

[*Id.*]  The plaintiffs have not alleged that Kerry Toyota performed any negligent repair or maintenance in connection with the subject vehicle's door handle.  Instead, the plaintiffs' claims relate to the door handle's design and/or manufacture. [Record No. 1; attached Plaintiffs Answers/Responses to First Set of Interrogatories and Requests for Production of Documents Propounded to Plaintiffs by Defendant Toyota Motor Sales, U.S.A., Inc., response to Interrogatory No. 4(a)][1]

---

[1]     Pursuant to an Agreed Order dated September 22, 2010, the plaintiffs agreed to substitute TMS as the proper defendant in place of Toyota Motor Credit Corporation. [Record No. 1; attached Agreed Order Substituting Parties]  In accordance with state law, the plaintiffs' Complaint did not contain an itemization of the amount sought for the plaintiffs' alleged injuries. TMS asserts that it first became aware that the amount in controversy exceeded $75,000, exclusive of interest and costs, when it received the plaintiffs' answers to interrogatories. More specifically, in response to Interrogatory No. 13, the plaintiffs indicated they were seeking damages for pain and suffering, past and future medical expenses, lost wages, permanent impairment of the ability to labor and earn money, and loss of consortium in a total amount of approximately $240,000. [Record No. 1; attached Plaintiffs Answers/Responses to First Set of Interrogatories and Requests for Production of Documents Propounded to Plaintiffs by Defendant Toyota Motor Sales, U.S.A., Inc.] The plaintiffs' responses to this discovery are dated January 26, 2011.  It appears that they were received by TMS's counsel on or about February 1, 2011, according to the date stamp affixed to the exhibit attached to the Notice of Removal.

Defendant TMS asserts in its Notice of Removal that joinder of Defendant Town Motors, Inc., doing business as Kerry Toyota, was fraudulent and that its citizenship should be disregarded for purposes of diversity jurisdiction. [*See* Record No. 1; Notice of Removal, ¶ 3(c).]  The plaintiffs have not sought to remand this action to state court due to untimeliness or based on the fact that the remaining defendant, Kerry Toyota has not joined in the Notice of Removal.

On February 28, 2011, TMS filed a Notice of Removal, invoking this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  In accordance with the Scheduling Order entered March 18, 2011, the plaintiffs were given until November 29, 2011, to disclose the identity of expert witnesses who may be used at trial and to provide the reports of their expert witnesses as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. [Record No. 7]  On November 30, 2011, plaintiffs' counsel filed a Disclosure of Experts, identifying Dr. Gary Shearer as the only expert witness to be called in support of the plaintiffs' claims.  Although it is unclear whether the plaintiffs provided all information required by the Federal Rules of Civil Procedure and this Court's Scheduling Order, they have indicated that Dr. Shearer,

> will testify in accordance with records provided regarding the nature and extent of the back injuries sustained by Plaintiff Sheila Williams as a result of the incident described in the Complaint herein, and the causation of her injuries and to the necessity and reasonableness of her medical treatment and costs of same.

[*See* Record No. 8; Plaintiffs' Disclosure of Experts".]

At page 5 of its supporting memorandum, TMS states that "Plaintiffs do not identify any liability experts to opine on the identity and nature of the alleged defect in the door handle. Plaintiffs fail to disclose any expert opinions or written reports that even suggest that the door handle was defective in either design or manufacture." [*See* Record No. 10; attached Memorandum in Support of [TMS's] Motion for Summary Judgment.]

### III.

Defendant TMS filed its Motion for Summary Judgment following the plaintiffs' failure to identify an expert witness who will or is competent to testify that the door handle on the 2001 Toyota Sienna vehicle was defective.  According to TMS, "it is well-settled in products liability

cases that the existence of a defect is a prerequisite to recovery whether the theory is strict liability, negligence or implied warranty." [*See* Record No. 10; citing *Tipton v. Michelin Tire Co.,* 101 F.3d 1145 (6th Cir. 1996), and *Jones v. Hutchinson Mfg., Inc.,* 502 S.W.2d 66, 69-70 (Ky. 1973).] In other words, a plaintiff must first establish that the subject product is in a defective condition, unreasonably dangerous to the consumer" before liability will attach. *Ford Motor Co. v. Fulkerson*, 812 S.W.2d 119, 122 (Ky. 1991); *Morales v. American Honda Motor Co.,* 151 F.3d 500, 506 (6th Cir. 1998); *Gray v. Gen. Motors Corp.,* 133 F.Supp.2d 530, 533 (E.D. Ky. 2001), *aff'd by* 312 F.3d 240 (6th Cir. 2002).  TMS is correct in its assertions.

The plaintiffs responded to the motion for summary judgment by contending that, because Sheila Williams sustained injuries when the van's door handle broke, "it can easily be assumed/argued that the handle had to be defective.  There can be no other explanation."  Thus, the plaintiffs argue that expert testimony regarding this issue is not needed and they should be able to proceed under the doctrine of res ipsa loquitur, citing *Bell v. Koch, Inc. v. Stanley*, 375 S.W.2d 696 (Ky. 1964). [Record No. 16]  However, under Kentucky law, to state a claim under the common law doctrine of res ipsa loquitur, the plaintiffs must provide proof that: (1) the instrumentality was "under the control or management" of the defendant; (2) the "circumstances, according to common knowledge and experience, must create a clear inference that the accident would not have happened" had the defendant not been negligent; and (3) the plaintiff's injury resulted from the accident.  *Barnes v. Otis Elevator Co.,* 2 F.App'x 461, 467 (6th Cir. 2001).

The facts of the present case would not give rise to application of the doctrine of res ipsa loquitur.  It is undisputed that the plaintiffs had control and management of the subject vehicle

-6-

for approximately eight years before the door handle broke.  The vehicle had been driven approximately 190,000 miles.  While the handle *might* have broken as a result of a defect, it could also have broken as a result of some accident to the vehicle or modification made by the plaintiffs or some third person.  Likewise, as TMS points out in its reply brief, inattention, misuse, and poor maintenance are real and legitimate possible causes that cannot be eliminated. Without expert testimony, these other alternative explanations simply cannot be ruled out as the Williams suggest.

Here, the plaintiffs cannot meet their burden of demonstrating an identifiable defect in the subject vehicle through the testimony of physician.  Dr. Shearer began treating Sheila Williams approximately four months after her injury.  While Dr. Shearer may be able to offer medical testimony, he has not been identified as having any expertise in automotive engineering or any other related scientific or technical field which would allow him to offer an opinion regarding whether the Toyota Sienna's door handle had a design or other defect which led to the plaintiff's claimed injuries. And as Defendant TMS correctly notes in its original supporting memorandum, expert testimony is essential to establish the existence of a defect that is outside the general knowledge of a lay person.  A jury will not be allowed to speculate that a product is defective "simply because an unusual or unexplained event has occurred." *Thomas v. Manchester Tank & Equip. Corp.,* 2005 U.S. Dist. LEXIS 9225 *4 (W.D. Ky. 2005); *see also Stevens v. Keller Ladders,* 1 Fed. Appx. 452, 458 (6th Cir. 2001).

Likewise, TMS is entitled to rely upon the statutory presumption of non-defectiveness under Kentucky law based on: (i) the claimed date of injury and (ii) date of manufacture of the

2001 Toyota Sierra.  *See* KRS 411.310.[2]  This presumption applies unless rebutted by a preponderance of evidence to the contrary.  *Leslie v. Cincinnati Sub-Zero Prods.,* 961 S.W.2d 799, 803 (Ky. App. 1998); *Ingersoll-Rand Co. v. Rice,* 775 S.W.2d 924, 927 (Ky. App. 1989); *Lair v. United Starting Gates Corp.,* 1997 U.S.App. LEXIS 1378, *7 (6th Cir. 1997).  This presumption is not overcome by reliance on the doctrine of *res ipsa locquitur* which generally applies when a new product does not function as intended.  Again, it bears repeating that the subject vehicle was over eight years old and had been driven approximately 190,000 miles.

While TMS also contends that, in addition to the foregoing arguments, the plaintiffs cannot establish causation, the Court does not believe it is necessary to address this issue. However, TMS's argument in this regard is equally compelling.  *Calhoun v. Honda Motor Co., Ltd.,* 738 F.2d 126, 133 (6th Cir. 1984); *Briner v. General Motors Corp.,* 461 S.W. 99, 101 (Ky. 1970); *Gray, supra* at 533.  Like evidence of a defect in the product, in most instances, causation evidence requires scientific or specialized knowledge. *May v. Ford Motor Co.,* 2010 U.S. Dist. LEXIS 135765, *7 (E.D. Ky. 2010).

Finally, the Court rejects the plaintiffs argument that consideration of the defendant's motion is premature.  The Williams have had adequate opportunity to provide the testimony of

---

[2]     This statutory section provides, in relevant part, as follows:

(1)     In any product liability action, it shall be presumed, until rebutted by a preponderance of the evidence to the contrary, that the subject product was not defective if the injury, death or property damage occurred either more than five (5) years after the date of sale to the first consumer or more than eight (8) years after the date of manufacture.

KRS 413.310

an expert witness on the issue of design or product defect, but they have determined that such testimony is not needed.  They were wrong.

## IV.

Defendant TMK is entitled to summary judgment because, based on the undisputed facts presented, the plaintiffs cannot establish a design or manufacturing defect without expert testimony.  Accordingly, it is hereby

**ORDERED** as follows:

1.      Defendant Toyota Motor Sales, U.S.A., Inc.'s Motion for Summary Judgment [Record No. 10] is **GRANTED**;

2.      The claims asserted in this action by Plaintiffs Sheila Williams and Carl Gregory Williams against Defendant Toyota Motor Sales, U.S.A., Inc., are **DISMISSED**, with prejudice.

3.      This action is **DISMISSED** and **STRICKEN** from the Court's docket.  A separate judgment will be entered this date.

This 20th day of January, 2012.



Signed By:

_Danny C. Reeves_

United States District Judge